Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Giuliano Verna, Appellee.

Argued December 4, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Joseph N. Bongiovanni, III,* for appellee.

OPINION BY JUDGE MENCER, February 9, 1976:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Montgomery County reversing the order of the Director of the Bureau of Traffic Safety which had suspended, for a period of six months, the motor vehicle inspection Certificate of Appointment of Giuliano Verna (appellee).

Our scope of review of the orders of lower courts in cases involving the suspension of inspection certificates is limited to a determination of whether there are errors of law in the adjudication or whether the findings of the lower court can be supported by competent evidence. Generally, the order of the court below will not be disturbed on appeal absent a showing of manifest abuse of discretion. *See Commonwealth v. Kobaly,* 22 Pa. Commonwealth Ct. 46, 347 A.2d 759 (1975).

The lower court, of course, properly heard the suspension appeal de novo. However, it is important to note that, though the case is heard de novo, the lower court is limited in its decision *solely to a de novo determination of whether the person charged with the violation has indeed committed the violation for which the sanction was imposed.* The court may not, as a parallel to exercising its

discretion *as factfinder,* do more than (1) affirm the Director's penalty because the law as applied to the facts heard de novo leads to a conclusion of a violation of the law or (2) reverse the Director's penalty because the law as applied to the facts heard de novo does not lead to a conclusion of a violation of law. The court may not, because of the possible unfairness or inequity of the result, reverse the Director or modify the penalties imposed. *See Commonwealth v. Thompson,* 13 Pa. Commonwealth Ct. 162, 318 A. 2d 408 (1974); *Commonwealth v. Jula,* 12 Pa. Commonwealth Ct. 140, 316 A. 2d 681 (1974); *Commonwealth v. McCartney,* 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971).[1]

The Commonwealth has properly raised, and both parties have competently briefed, a number of issues for our review. It is therefore indeed unfortunate that we find that once again we are compelled to pass over the ripe substantive issues of an appeal because of the failure of the court below to present us with proper findings of fact from which we can exercise our functions as an appellate court.

The findings, or statements, of the lower court are conclusionary and otherwise inaedquate for the purposes of our review. As we stated in *McCartney, supra,* and equally applicable here:

"Finally, the opinion of the lower court is not in accordance with the directions of the Supreme Court in Commonwealth v. Etzel, 370 Pa. 253, 258, 86 A. 2d 64, 66 (1952): 'It was incumbent upon the court below to make specific findings of fact from the evidence adduced at the hearing and, then, to enter a final order consonant with such findings. See order of reversal in Commonwealth v. Garman, supra, 361 Pa. at page 646, 66 A. 2d 271 ['The order of the court

---

1. Contrary to the lower court's opinion, these principles are founded on strong, well-reasoned analysis and precedent, and we see no reason to modify or change them in any manner.

below is reversed and the record remanded for appropriate findings of fact and conclusions of law and for the entry of an order, based thereon, which sustains or reverses the action of the Secretary. . . .'].'

"This leads us to comment upon how part of our Rule 23 should be interpreted in cases such as this one. In light of our duty in appeals of this nature, as above stated, it is most important that we have before us the lower court's specific findings of fact so that we may intelligently 'determine whether the *findings* of the court below are supported by competent evidence' and 'correct any erroneous conclusions of law'. We interpret the words of the Supreme Court in [Commonwealth v. Emerick, 373 Pa. 388, 96 A.2d 370 (1953)] and in the two cases of Commonwealth v. Strobel, 375 Pa. 292, 100 A.2d 43 (1953), same case, 378 Pa. 84, 105 A.2d 152 (1954), to mean that findings of fact must be made both (1) where there is disputed or credible conflicting testimony, and (2) where there is undisputed testimony but extenuating facts and circumstances are submitted. Nonetheless, when the proper procedure is not followed, or is done in too vague a manner, we shall not hesitate to remand the record to the court below if we feel unable to properly fulfill our duty. See Appeal of John Robert Horvath, 1 Pa. Commonwealth Ct. 353, 274 A. 2d 776 (1971) and Commonwealth v. Robert Frank Milspaw, 1 Pa. Commonwealth Ct. 376, 274 A. 2d 777 (1971)." 2 Pa. Commonwealth Ct. at 550-51, 279 A. 2d at 82 (footnote omitted) (emphasis in original).

In *McCartney*, we nevertheless affirmed the Secretary of Transportation because we felt that, despite the inadequacy of the findings, "neither the law nor the record admits of any justifiable reason to reverse the Secretary's suspension." Here the facts to be applied and the legal principles at issue cannot be clearly ascertained from the opinion of the trial court, and the justiciable

issues stand unanswered by the trial court's summary analysis.

Reversed and record remanded to the Court of Common Pleas of Montgomery County for further proceedings consistent with this opinion.