528 A.2d 1030

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Anne Patricia Miller, Appellee.

Submitted on briefs June 12, 1987, to Judges COLINS, and Senior Judges BARBIERI and NARICK, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Robert C. Bell,* Assistant Counsel, and *Spencer A. Manthorpe,* Chief Counsel, for appellant.

*Patricia J. Cooney, Segal, Wolf, Berk, Gaines &
Liss,* for appellee.

OPINION BY SENIOR JUDGE NARICK, July 17, 1987:

This is an appeal by the Department of Transportation (Department) from an order of the Court of Common Pleas of Philadelphia County which modified the three-month suspension of Anne Patricia Miller's (Appellee) operating privileges imposed by the Department for failure to maintain financial responsibility on her vehicle at the time of an accident on August 18, 1985. The suspension was imposed pursuant to Subchapter H of the Vehicle Code (Code), 75 Pa. C. S. §§1781-1787, and the regulations promulgated thereunder, 67 Pa. Code §219. The trial court, considering the difficult economic circumstances of Appellee, reduced the suspension to one month following a *de novo* hearing.

The trial court found that Appellee was unable to make the final payment on her automobile insurance policy when she became unemployed. Although she tried not to use her car while it was uninsured, she did drive it to a family affair when she had no other means of transportation, and was involved in a serious accident. She has since reinsured the vehicle. On these facts, the trial court determined that "equity require[d] a lesser suspension."

Our scope of review of a Common Pleas decision in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Andreoli,* 96 Pa. Commonwealth Ct. 345, 507 A.2d 919 (1986). Because we believe that the trial court abused

its discretion and erred as a matter of law in reducing the suspension period, we reverse.

The statutory provision is clear. Section 1785 of the Code provides: "If the department determines that the owner of a motor vehicle involved in an accident . . . did not maintain financial responsibility on the motor vehicle at the time of the accident, the department shall suspend the operating privilege of the owner . . ." The Department's regulations, set forth in 67 Pa. Code §219.7(a), establish a uniform three-month suspension for a violation of Code Section 1785.

A trial court is empowered to modify a penalty if it makes findings of fact and conclusions of law which are different from those of the administrative agency. *Department of Transportation, Bureau of Traffic Safety v. Kobaly,* 477 Pa. 525, 384 A.2d 1213 (1978); *Department of Transportation, Bureau of Traffic Safety v. McCartney,* 2 Pa. Commonwealth Ct. 540, 279 A.2d 77 (1971). However, when that court finds that the party charged has committed the violation for which the penalty was imposed, it is a manifest abuse of discretion for it to modify the penalty because it disagrees with it. *Department of Transportation, Bureau of Traffic Safety v. Cormas,* 32 Pa. Commonwealth Ct. 1, 377 A.2d 1048 (1977) *(citing McCartney).* As this Court succinctly summarized the law in *Department of Transportation, Bureau of Traffic Safety v. Verna,* 23 Pa. Commonwealth Ct. 260, 351 A.2d 694 (1976), the trial court has but two choices: it may affirm the penalty because the law as applied to the facts heard *de novo* leads to the conclusion of a violation of the law, or it may reverse the penalty because the facts do not indicate a violation. It "may not, because of the possible unfairness or inequity of the result, reverse the [Department] or modify the penalties imposed." *Id.* at 262, 351 A.2d at 695 (citations omitted).

It is apparent that the trial court in this instance did just that. While it clearly found that a Code violation existed, (Appellee's vehicle was uninsured at the time of the accident), it elected to modify the sanction imposed based upon Appellee's financial circumstances. Such a result can only promote favoritism, and undermine uniform enforcement of the law, as the *McCartney* court explained at length. *McCartney* at 549-550, 279 A.2d at 81-82.

For the foregoing reasons, we reverse the order of the trial court and reinstate the three-month suspension of Appellee's operating privilege imposed by the Department.

ORDER

AND NOW, to-wit, this 17th day of July, 1987, the order of the Court of Common Pleas of Philadelphia County, dated April 8, 1986, is reversed and the three-month suspension of Appellee's operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing is hereby reinstated.