## Commonwealth v. McCollum

*Christopher Clements,* for PennDOT.
*Kevin J. Frederick,* for defendant.

DOWLING *J.,* February 12, 1988—

> *They say he wears a key in his ear and*
> *a lock hanging by it.[1]*

James F. McCollum (petitioner) appeals from the suspension of his right to inspect motor vehicles which was imposed by the Department of Transportation pursuant to section 4724(a) of the Pennsylvania Motor Vehicle Code, Act of June 17, 1976, P.L. 162, 75 Pa. C.S. §4724.

The facts are largely undisputed. Since 1975, petitioner has been the sole proprietor of an official state inspection station located at 1900 State Street, Harrisburg. On July 28, 1987, while petitioner was out to lunch, an unknown person or persons entered his office, located within the service station, and removed Mr. McCollum's briefcase which he

---

1. *Much Ado About Nothing,* Act. 5, Scene 2.

had hidden under his desk. It contained, among other things, nine state inspection stickers.

Immediately upon discovering the theft, petitioner notifed the Harrisburg Police Department and the Pennsylvania State Police. Although the briefcase was eventually recovered, the stickers were not. Following an administrative hearing, petitioner's inspection license was suspended for a period of four months, effective November 12, 1987. This appeal followed.

The department's suspension was based on a violation of 67 Pa. Code §175.43(d) which provides:

"(d) *Security* — Inspection certificates shall be kept under lock and key in a safe place. The station owner shall be solely responsible for their safety and shall account for all certificates of inspection issued to the station."[2]

Although petitioner does not dispute the facts, he contends that the court may conclude that no violation occurred by virtue of extenuating facts and circumstances. He testified that in 1986 he received a warning from the department concerning improper inspection sticker security. The basis for the warning was a failure to notify the department of a December 1985 theft of three stickers, which were stored in petitioner's locked cash register. Thereafter, the inspection stickers were kept in a locked fire-proof strong box in the basement of Mr. McCollum's home. Each day, petitioner would remove only so many stickers as needed, and would usually keep them on his person. On the day in question, however, he placed the stickers in his briefcase.

---

2. A literal reading of the second sentence would impose strict liability, whether or not the first sentence as to lock and key was complied with.

The thrust of the argument is that there must necessarily be an interval between the time the sticker is removed from safekeeping and the time it is affixed to the inspected vehicle.

Under some factual circumstances, this might be an interesting argument. For example, suppose the station owner kept the stickers in a safe and removed one just prior to placing it on a vehicle. At that moment, he was called to the telephone, put it down on the hood of the car, and when he returned a moment or two later, it was gone. Of course, the facts in this case are nowhere as favorable.

Our function in this proceeding is limited:

*"[S]olely to a de novo determination of whether the person charged with the violation has indeed committed the violation for which the sanction was imposed.* The court may not, as a parallel to exercising its discretion *as factfinder,* do more than (1) affirm the director's penalty because the law as applied to the facts heard de novo leads to a conclusion of a violation of the law, or (2) reverse the director's penalty because the law as applied to the facts heard de novo does not lead to a conclusion of a violation of the law. The court may not, because of the possible unfairness or inequity of the result, reverse the director or modify the penalties imposed." *Department of Transportation v. Verna,* 23 Pa. Commw. 260, 261-2, 351 A.2d 694, 695 (1976). (emphasis in original)

Here, the situation which gives rise to the violation is not disputed. Although the phrase "lock and key" is not defined, we do not believe that a briefcase satisfies the requirement. While the court may disagree with the department's ad hoc conclusion with respect to the 1986 violation, petitioner was at least put on notice that if a cash register was insufficient, a fortiori, a briefcase must also be inadequate.

That Mr. McCollum stored the bulk of the stickers in a safe at home is of no moment. The point is that all stickers must be kept under lock and key.

We do, however, find the mandatory penalty of four months disquieting. This court has seen criminals receive lesser penalties for far more egregious acts than occurred in the present case. Here, there is no discretion; the four-month suspension is automatic. 67 Pa. Code §175.51(2)(vii). In fairness, it would seem that the element of culpability should be a penalty factor. The security requirement of lock and key could be accommodated by making a violation of it prima facie evidence of negligence. Well, attacks on the proportionality of a penalty are rarely ever successful; and in any event, that issue is not before us. It is a matter for the legislature to re-evaluate, should it be importuned and so inclined.

Accordingly, we issue the following

## ORDER

And now, February 12, 1988, petitioner's appeal is hereby dismissed.