538 A.2d 599

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* William T. Ratliff, Appellee.

Submitted on briefs December 15, 1987, to President Judge CRUMLISH, JR., and Judges BARRY and COLINS, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellant.

*Edward A. Fox,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 29, 1988:

The Department of Transportation (DOT) appeals a Philadelphia County Common Pleas Court order sustaining William Ratliff's appeal of a three-month driver's license suspension. We reverse.

Ratliff was the owner and operator of a motor vehicle uninsured at the time of a collision. DOT suspended his driver's license pursuant to 75 Pa. C. S. §1785, which provides that if the owner does not "maintain financial

responsibility on the motor vehicle at the time of the accident, the department *shall* suspend his operating privilege." (Emphasis added.) The common pleas court reversed, based upon its conclusion that

> application of [Section 1785] to the appellant herein would be grossly unfair and a misapplication of the intended provisions of the statute, especially in light of the fact that the appellant has assumed financial responsibility for the accident,[1] the fact that the statute had only been in effect for three days at the time of the accident, and lastly, the fact that the appellant has obtained insurance and financial responsibility after the accident.

*Department of Transportation, Bureau of Driver Licensing v. Ratliff* (No. 2705 May Term 1985, filed July 10, 1985), slip op. at 2-3.

DOT contends that the common pleas court improperly considered extraneous factors in reversing the suspension.[2] We agree.

When the common pleas court finds that the licensee has committed the violation for which the penalty was imposed, it is a manifest abuse of discretion to modify the penalty because it disagrees with it. *Department of Transportation, Bureau of Traffic Safety v. Cormas,* 32 Pa. Commonwealth Ct. 1, 377 A.2d 1048 (1977). The trial court has but two choices: it may affirm

---

[1] The common pleas court found that subsequent to the accident, Ratliff agreed to compensate the accident victim's insurance carrier for $4,276 in property damage to be paid at the rate of $50 per month.

[2] In a license suspension case where the common pleas court is the fact finder, our scope of review is limited to determining whether the court based its findings on substantial evidence, committed an error of law or abused its discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

the penalty because the law as applied to the facts establishes a violation of the statute, or it may reverse because the facts do not establish a violation. *Department of Transportation, Bureau of Driver Licensing v. Miller,* 107 Pa. Commonwealth Ct. 458, 528 A.2d 1030 (1987).

Here, it is undisputed that Ratliff's vehicle was uninsured at the time of the accident and thus in violation of Section 1785. In such circumstances, the trial court "may not, because of the possible unfairness or inequity of the result, reverse the [Department] or modify the penalties imposed." *Id.* at 460, 528 A.2d at 1031, 1032 (quoting *Department of Transportation, Bureau of Traffic Safety v. Verna,* 23 Pa. Commonwealth Ct. 260, 262, 351 A.2d 694, 695 (1976)).

We therefore reverse the common pleas court.

### ORDER

The order of the Philadelphia County Common Pleas Court, No. 2705 May Term 1985 dated July 10, 1985, is reversed and the three-month suspension of appellee's operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing is reinstated.