543 A.2d 211

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. George Hill, Appellee.

Submitted on briefs May 3, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE BARRY, June 15, 1988:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Philadelphia County sustaining the appeal of George Hill (licensee) from a three month suspension imposed on the licensee.

The licensee was the owner and operator of a motor vehicle that was uninsured at the time of a reportable accident on September 14, 1985. DOT suspended his driver's license pursuant to 75 Pa. C. S. §1785, which provides that if the owner does not "maintain financial responsibility on the motor vehicle at the time of the accident, the department shall suspend his operating privilege." The common pleas court, acting upon an appeal filed by the licensee from the suspension, reversed. In doing so, it stated:

> The petitioner testified and we believe he had instructed his agent at the Moody Agency to place the car involved in the accident on his Erie Insurance Company policy with his other car and thought such had been done. He was not aware that it hadn't until the accident triggering this suspension occurred. The delay was not the fault of the petitioner and we do not believe he should be penalized when he had acted responsibly and in good faith. While technically he is in violation of the Motor Vehicle Code, his intent was to comply as his instructions to his agent prove. In view of these circumstances, we see no purpose to be served by the suspension of his license.

DOT contends that the court of common pleas erred in reversing the suspension on the basis of Hill's mistaken belief that his vehicle was insured and argues that Section 1785 has no provision to excuse the failure to maintain responsibility. We agree.

When the common pleas court finds that the licensee has committed the violation for which the penalty was imposed, it is a manifest abuse of discretion to modify the penalty because the court disagrees with the penalty. *Department of Transportation, Bureau of Driver Licensing v. Ratliff*, 114 Pa. Commonwealth Ct.

121, 538 A.2d 599 (1988). The trial court has but two choices; it may affirm the penalty because the law as applied to the facts establishes a violation of the statute, or it may reverse because the facts do not establish a violation. *Department of Transportation, Bureau of Driver Licensing v. Miller,* 107 Pa. Commonwealth Ct. 458, 528 A.2d 1030 (1987).

Here, the trial court found that the licensee had violated Section 1785 of the Motor Vehicle Code. In such circumstances, the trial court " 'may not, because of the possible unfairness or inequity of the result, reverse the [Department] or modify the penalties imposed.' " *Ratliff,* 114 Pa. Commonwealth Ct. at 124, 538 A.2d at 600 (quoting *Department of Transportation, Bureau of Traffic Safety v. Verna,* 23 Pa. Commonwealth Ct. 260, 262, 351 A.2d 694, 695 (1976)).

Accordingly, the order of the court of common pleas is reversed.

### ORDER

NOW, June 15, 1988, the order of the Court of Common Pleas of Philadelphia County, dated August 6, 1986, at No. 1477 January Term, 1986, is reversed and the three-month suspension of appellee's operating privilege imposed by the Department of Transportation, Bureau of Traffic Safety is reinstated.