548 A.2d 385

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant v. Dennis William Vento, Appellee.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE DOYLE, October 4, 1988:

This is an appeal by the Department of Transportation, Bureau of Driver Licensing (Department) from an order of the Court of Common Pleas of Allegheny County which dismissed the appeal of Dennis Vento (Licensee) from the revocation of his operating privileges but permitted Licensee's three revocation periods to run concurrently. The revocations were imposed pursuant to Section 1543 of the Vehicle Code (Code), 75 Pa. C. S. §1543 (driving under suspension).

The facts are not as clear as might be desired, but we believe that they are sufficient for appellate review.

The trial court found that Licensee had accumulated a number of traffic citations and had failed to pay the fines for them. As a result his driving privileges were suspended. On August 9, 1984 Licensee was driving while his license was under suspension and was issued a citation. He was convicted of driving under suspension on March 4, 1986. After Licensee paid the various fines his license was reinstated effective April 15, 1986. But, in reviewing Licensee's record, the Department found that Licensee had been issued citations on three different occasions for violating Section 1543(a) of the Code. Each of those violations carries a six month license revocation period. Accordingly, the Department revoked Licensee's operating privileges for six months for each of the cited offenses. Licensee appealed only one of those revocations. Nonetheless, the trial court considered the two other revocations as well. While the court resolved credibility matters in Licensee's favor, it nevertheless concluded that because the payment of the fines constituted a tacit admission of guilt the Department acted properly in issuing the revocations. The trial court, in addition to considering the three six month revocations (despite the fact that only one had been appealed), ordered that the three revocations be served concurrently. The Department appealed to this Court from that part of the order.

On appeal here the Department raises two issues for our consideration. First, it maintains that the trial court went beyond its authority in considering the two revocations which Licensee did not appeal. We agree with the Department that each revocation was a separate appealable governmental action and that Licensee's failure to appeal two of them thus precluded the trial court from considering them. Accordingly, we must conclude that the trial court committed an error in considering the other two revocations. As to the remaining revoca-

tion, the trial court correctly determined that Licensee's payment of the fine constituted an admission of guilt for purposes of the Department's revocation. And, because we have concluded that the trial court did not have jurisdiction as to the other two revocations which were never appealed to it, we must hold that the court acted in error in directing that the three revocations be served concurrently.

Even if, however, the three revocations were properly before the court, the law is clear that time certain periods of suspension and revocation must be served consecutively. *See* Section 1544 of the Vehicle Code, 75 Pa. C. S. §1544; *Department of Transportation, Bureau of Driver Licensing v. Martin,* 102 Pa. Commonwealth Ct. 23, 517 A.2d 216 (1986); *Department of Transportation, Bureau of Traffic Safety v. Von Altimus,* 49 Pa. Commonwealth Ct. 245, 410 A.2d 1303 (1980).

Accordingly, we must reverse the order of the trial court insofar as it attempted to direct that Licensee serve his three revocations concurrently.

## ORDER

Now, October 4, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed insofar as it dismissed Licensee's appeal and is reversed insofar as it directed that Licensee serve his three periods of revocation concurrently. It is further ordered that the Department's three periods of revocation be reinstated to be served by Licensee consecutively.

This decision was reached prior to the resignation of Judge MACPHAIL.