623 A.2d 364

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Kirk SLACK and Jean Slack, Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1992.

Decided Sept. 15, 1992.

---

**3.** Because of our disposition of this matter, we need not consider the remaining preliminary objections.

Timothy P. Wile, Asst. Counsel–In–Charge of Appellate Section, for appellant.

No appearance for appellees.

6

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the order of the Court of Common Pleas of Northampton County that sustained the appeal of Kirk Slack and Jean Slack (Slacks) from two notices of registration privilege suspension imposed by DOT. We reverse.

On May 16, 1991, DOT notified Jean Slack that the registration privilege on her 1990 Nissan would be suspended for three months, as a result of Allstate Insurance Company (Allstate) notifying DOT that the motor vehicle liability insurance policy covering that vehicle had been terminated on February 9, 1991. That same date, DOT notified Kirk Slack that the registration privilege on his 1974 Oldsmobile would be suspended for three months, as a result of Allstate's notification that the motor vehicle liability insurance policy, covering that vehicle had also been terminated on February 9, 1991. The Slacks filed a single appeal petition from both notices of suspension to the trial court.

The parties agreed to submit the matter to the trial court on the documents offered by the parties. DOT submitted the correspondence from Allstate to DOT, which stated that it had cancelled the Slacks' motor vehicle liability insurance policies on both vehicles for nonpayment of the policy premium.[1] The Slacks submitted: (1) the statement of their payment record with Allstate, showing two notations of "notice of intent" sent to the Slacks for late payments; (2) Allstate's letter to Jean Slack mailed to the Slacks' last known address, but which was returned to Allstate as addressee unknown, which included the notice of policy cancellation; and (3) an application form for liability insurance with Atlantic Insurance Agency under an assigned risk plan which became effective April 18, 1991.

1. 42 Pa.C.S. §§ 6103 and 6109 allows certain documents or copies thereof to be introduced into evidence under the seal of the public officer whose official duties concern the governmental unit in question.

On September 23, 1991, the trial court sustained the Slacks' appeal, asserting that DOT had not met its burden of proving that the Slacks operated or permitted the operation of their vehicles during the period they were without financial responsibility and because there was no "evidence that the [Slacks] intentionally operated their motor vehicle without insurance." (34a–35a).

On appeal,[2] DOT argues that: 1) the trial court erred in permitting the Slacks to appeal two separate and distinct registration suspension notices in a single civil appeal; 2) the trial court erred in holding that DOT had not met its burden of showing that the Slacks used their vehicles during the lapse of financial responsibility; and 3) the trial court erred by adding an element of intent to Section 1786(d).

■ Before the trial court, the Slacks appealed two separate and distinct notices of registration suspension, concerning two separate and distinct motor vehicles in a single appeal filed under 75 Pa.C.S. § 1377.[3] These registration suspension orders also involved two different vehicle owners. DOT asserts that the single civil appeal from the two orders is improper. We agree.

Each notice of suspension constitutes a final order of a governmental agency pursuant to 42 Pa.C.S. § 933(a)(1)(iii). The Commonwealth's appellate courts have expressly disap-

---

**2.** Our scope of review is limited to determining whether the findings made by the trial court are supported by competent evidence of record, an error of law committed, or whether the trial court manifestly abused its discretion. *Department of Transportation v. Korchak*, 506 Pa. 52, 483 A.2d 1360 (1984).

**3.** § 1377. Judicial review of denial or suspension of registration. Any person whose registration has been denied or suspended by the department shall have the right to appeal to the court vested with jurisdiction of appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure). The filing of the appeal shall act as a supersedeas and the suspension of registration shall not be imposed until determination of the matter as provided in this section. The court shall set the matter down for hearing upon 30 days written notice to the department, and thereupon take testimony and examine into the facts of the case and determine whether the petitioner is entitled to registration or subject to suspension of registration under the provisions of this title.

proved of the practice of filing a single appeal from more than one order. *See Philadelphia Federation of Teachers, Local No. 3 v. Board of Education,* 458 Pa. 342, 327 A.2d 47 (1974); *General Electric Credit Corp. v. Aetna Casualty and Surety Co.,* 437 Pa. 463, 263 A.2d 448 (1970); *Posel v. Redevelopment Authority of Philadelphia,* 72 Pa.Commonwealth Ct. 115, 456 A.2d 243 (1983). In *Department of Transportation v. Vento,* 120 Pa. Commonwealth Ct. 211, 548 A.2d 385 (1988), we held that each DOT notice of suspension is a separate, appealable order and that in order for a court of common pleas to have jurisdiction over those suspensions, a separate appeal must be filed for each order.[4]

Here, the Slacks filed a single appeal from two separate and distinct notices of revocation suspensions. Under the rationale expressed in *Vento,* a separate appeal should have been filed for each vehicle whose registration was being suspended. The Slacks did not do so. While we believe the trial court erred in allowing the single appeal from the two notices of revocation suspensions, because of our final disposition of this case and for reasons of judicial economy, we will not remand to the trial court on this issue.

DOT suspended Slacks' registrations for a period of three months, pursuant to 75 Pa.C.S. § 1786, which provides in pertinent part:

§ 1786. Required financial responsibility.

(a) General rule.—Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility.

\* \* \* \* \* \*

(d) Suspension of registration and operating privilege.—The Department of Transportation shall suspend the registra-

---

4. The question of appealability of an order goes to the jurisdiction of the court which has been requested to entertain the matter. *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985); Therefore, although DOT did not object to the filing of the single appeal before the trial court, because such issue is jurisdictional, it may be raised at any time. *See generally Monroe County Board of Assessment Appeals v. Miller,* 131 Pa. Commonwealth Ct. 538, 570 A.2d 1386 (1990).

tion of a vehicle if it determines that the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to restoration of operating privilege or vehicle restoration) is paid. Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department, accompanied by the fee for restoration provided by section 1960. This section shall not apply in the following circumstances:

(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility for a period less than 21 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

    *   *   *   *   *   *

In order to sustain its burden of proof, DOT must establish: (1) that the vehicle in question is of a type required to be registered in the Commonwealth; and (2) that the required automobile liability insurance had been cancelled or otherwise terminated. Once DOT establishes these two facts the burden shifts to the registrant to show that Section 1786(d) is inapplicable because the lapse in the automobile liability insurance was for a period of less than 21 days. Additionally, the registrant must show that the vehicle in question was not operated during the period of lapse. *See Department of Transportation v. Andrews*, 143 Pa. Commonwealth Ct. 601, 600 A.2d 622 (1991).

There is no dispute that the Slacks' vehicles must be insured in this Commonwealth. Furthermore, the evidence is

uncontroverted that the Slacks' coverage had lapsed effective February 9, 1991, and that the replacement insurance was not effective until April 18, 1991, 69 days from the cancellation date. The Slacks also continued to drive their vehicles while coverage had lapsed.

While the trial court in one sentence properly states that the sole exception to suspension is when the *registrant* proves that the "lapse of financial coverage was for a period of less than 21 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse . . .," the trial court in the following paragraph places the burden upon DOT to prove that the Slacks had operated their "vehicles during the period they were without financial responsibility." (34a). The trial court added an element of intent in its interpretation of Section 1786(d) stating there was no evidence that the Slacks "intentionally operated their motor vehicles without insurance." *Id.*

DOT asserts that the trial court erred in incorporating an element of intent into Section 1786 which is clearly not present in the plain unambiguous language of the statute. We agree.

The General Assembly has determined that vehicles required to be registered prior to their operation on highways within this Commonwealth, must be covered by some acceptable form of financial responsibility. 75 Pa.C.S. §§ 1785 and 1786(a). The purpose of Sections 1785 and 1786(a) is to ensure that some minimal level of compensation would be available for victims of motor vehicle accidents. Furthermore, individuals registering their motor vehicles must sign a form which acknowledges that their registration may be suspended if they fail to maintain liability insurance on their vehicle during the period of registration. 75 Pa.C.S. § 1781; *see also Department of Transportation v. Thomas,* 143 Pa. Commonwealth Ct. 531, 537, n. 7, 600 A.2d 237, 240 n. 7 (1991).

Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b), provides that, "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." A

court can neither incorporate additional elements into a statute, or resort to "alternative" rules of statutory construction, under the pretext of satisfying an alleged implied element of the statute. *See Department of Transportation v. Empfield,* 526 Pa. 220, 585 A.2d 442 (1991); *Allright Auto Parks v. Zoning Board of Adjustment,* 107 Pa. Commonwealth Ct. 448, 529 A.2d 546 (1987). Nothing in the language of Section 1786 explicitly or impliedly suggests a scienter requirement.

In *Department of Transportation v. Hill,* 117 Pa. Commonwealth Ct. 160, 543 A.2d 211 (1988), DOT suspended Hill's driver's license for failure to have liability insurance and Hill appealed. The trial court excused Hill from the automobile liability insurance requirement because the insurance agent failed to place his vehicle on the policy as Hill had requested, causing Hill to be unaware that he was not insured when the vehicle was involved in an accident. We reversed the trial court holding that Section 1785[5] does not contain a provision which excuses a failure to maintain financial responsibility.

When the common pleas court finds that the licensee has committed the violation for which the penalty was imposed, it is a manifest abuse of discretion to modify the penalty because the court disagrees with the penalty. *Department of Transportation, Bureau of Driver Licensing v. Ratliff,* 114 Pa. Commonwealth Ct. 121, 538 A.2d 599 (1988). The trial court has but two choices; it may affirm the penalty because the law as applied to the facts establishes a violation of the statute, or it may reverse because the facts do not establish a violation. *Department of Transportation, Bureau of Driver Licensing v. Miller,* 107 Pa. Commonwealth Ct. 458, 528 A.2d 1030 (1987).

Here the trial court found that the licensee had violated Section 1785 of the Motor Vehicle Code. In such circum-

5. Section 1785 provides:
If the department determines that the owner of a motor vehicle involved in an accident requiring notice to a police department pursuant to section 3746 (relating to immediate notice of accident to police department) did not maintain financial responsibility on the motor vehicle at the time of the accident, the department shall suspend the operating privilege of the owner, where applicable, and the department shall revoke the registration of the vehicle.

stances, the trial court 'may not, because of the possible unfairness or inequity of the result, reverse the [DOT] or modify the penalty imposed.' *Ratliff,* 114 Pa. Commonwealth Ct. at 124, 538 A.2d at 600 (quoting *Department of Transportation, Bureau of Traffic Safety v. Verna,* 23 Pa. Commonwealth Ct. 260–262, 351 A.2d 694–695 (1976)). *Hill,* 117 Pa. Commonwealth Ct. at 162–63, 543 A.2d at 212–13.

As this court held in *Hill,* we hold that where a motorist has violated a statute with a specified penalty, the trial court may not, because of "possible unfairness," reverse a penalty imposed by DOT.

Accordingly, we reverse.

## ORDER

AND NOW, this 15th day of September, 1992, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby reversed in accordance with the foregoing opinion.

PELLEGRINI, Judge, concurring.

I concur only because I believe that the majority should not reach the issue of whether the Slacks were required to file separate and distinct appeals from each of PennDot's orders suspending the registration of their two vehicles. The majority should not have reached that issue because there is nothing in the record to establish whether PennDot properly raised this issue. PennDot filed no motion to quash the appeal raising this issue, this issue is not addressed in the trial court's opinion, and, because PennDot chose not to order a transcript of the proceedings before the trial court, we are unable to determine whether PennDot raised the issue in the hearing before the trial court. Consequently, I concur in the result only.