## PennDOT v. Brogan

*Marc A. Werlinsky, assistant counsel,* for PennDOT.
*Robert J. Foster,* for defendant.

LABRUM, *J.,* August 9, 1993—Petitioner appeals from this court's order dated June 23, 1993 which granted in

part the Commonwealth's motion to quash petitioner's appeal of her suspension of registration privileges as to two motor vehicles.

By separate official notices dated March 29, 1993, the Commonwealth Department of Transportation notified petitioner that her registration privileges as to two vehicles were being suspended for failure to provide proof of insurance. In response to these notices, petitioner filed a single petition for appeal of the suspensions as to both vehicles. Thereafter, the Commonwealth filed a motion to quash the petition for appeal on the grounds that multiple notices of suspension could not be brought before the court by virtue of a single appeal. Following consideration of legal argument on the Commonwealth's motion, the court granted the motion in part and, after permitting petitioner the opportunity to indicate upon which notification of suspension she wished the appeal to proceed, quashed petitioner's appeal as to the remaining suspension. Petitioner now has filed a notice of appeal to the Commonwealth Court of Pennsylvania from the order.

Each notice of suspension issued by the Commonwealth Department of Transportation constitutes a final order of a governmental agency pursuant to 42 Pa.C.S. §933(a)(1)(iii). *PennDOT v. Slack,* 153 Pa. Commw. 4, 623 A.2d 364 (1992), overruled on other grounds; *PennDOT v. Buss,* 154 Pa. Commw. 118, 623 A.2d 369 (1993). Furthermore, each Department of Transportation notice of suspension is a separate, appealable order from which separate appeals must be filed in order for a court to have jurisdiction over the suspensions. *PennDOT v. Venuto,* 120 Pa. Commw. 211, 548 A.2d 385 (1988).

In the instant case, petitioner does not dispute the fact that she filed a single appeal from two distinct notices of suspension. Instead, she cites to three cases, *Philadelphia Federation of Teachers Association Local No. 3 v. Board of Education*, 458 Pa. 342, 327 A.2d 47 (1974); *General Electric Credit Corporation v. Aetna Casualty & Surety Co.*, 437 Pa. 463, 263 A.2d 447 (1970); and *PennDOT v. Slack, supra*, in support of her contention that a single appeal may be considered as to multiple final orders. While the cases cited by petitioner do constitute instances where courts chose to overlook the general rule requiring separate appeals from each final order being challenged, petitioner completely ignores the fact that in each case, the respective court expressed its disapproval of the single appeal procedure. Furthermore, the court in *General Electric* expressly stated that one of the reasons it decided to overlook the procedural defect of filing a single appeal from multiple orders was because the opposing parties in the case did not object. Clearly, such is not the case in the instant matter since the issue of the propriety of petitioner's single appeal was raised initially by the Commonwealth in its motion to quash petitioner's appeal. Thus, we are wholly unpersuaded that the authority cited by petitioner sanctions or in any manner approves of the procedure of filing a single appeal from multiple final orders. Instead, we are convinced that the instant matter is controlled by the general rule requiring the filing of separate appeals from each notice of suspension as explained in *PennDOT v. Venuto, supra*.

It is for these reasons that the court granted in part the Commonwealth's motion to quash petitioner's appeal.