**Glenn R. PELTER**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 14, 1995.
Decided Aug. 10, 1995.

---

Timothy P. Wile, Assistant Counsel In-Charge Appellate Section, for appellant.

J. Kirk Kling, for appellee.

Before SMITH and PELLEGRINI, JJ., and NARICK, Senior Judge.

SMITH, Judge.

In this case of first impression, the Bureau of Driver Licensing of the Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Blair County that sustained the statutory appeal of Glenn Russell Pelter (Licensee) from a three-month suspension of his driver's license. The question as stated by DOT is whether the trial court erred in concluding that Licensee's all-terrain vehicle (ATV) was exempt from registration by reason of Sections 7714(a)(3) and 7721(c) of the Vehicle Code, *as amended,* 75 Pa.C.S. §§ 7714(a)(3) and 7721(c).

Licensee was operating his ATV in a field owned by a neighbor. He attempted to cross a road to reach a field owned by another

neighbor, but he was struck by a car before he completed the crossing. After receiving a report of the accident, DOT notified Licensee of a three-month suspension of his driver's license pursuant to Section 1786(d) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1786(d), for operating a motor vehicle of the type required to be registered without the requisite financial responsibility.

At the hearing before the common pleas court on Licensee's appeal, counsel for the parties jointly stipulated that the vehicle was an ATV as defined in Section 7702 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 7702, that it was on the highway at the time of the accident and that it was not registered or insured.[1] With the stipulations and the admission of certified documents, including the police report of the accident, DOT rested. Licensee called the police officer who investigated the accident, who described the scene and testified that he believed Licensee was attempting to cross the road. Licensee testified that he stopped the ATV and looked and listened for oncoming traffic before proceeding to cross the road and that he had oral permission from both of his neighbors to operate the ATV on their property.

The trial court acknowledged that it is unlawful to operate an ATV unless a certificate of registration has been issued for it by the Department of Environmental Resources (DER) under Section 7713 of the Vehicle Code, *as amended,* 77 Pa.C.S. § 7713, except as otherwise provided.[2] The court noted, however, the express exception to such registration in Section 7714(2), *as amended,* 75 Pa.C.S. § 7714(2), where the ATV is "[o]wned and operated on lands owned by the owner or operator of the snowmobile or ATV or on lands to which he has a contractual right other than as a member of a club or association, provided the snowmobile or ATV is not operated elsewhere within this Commonwealth." The court noted also that Section 7721(c) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 7721(c), permits an ATV to be operated upon a public highway for the limited purpose of crossing the highway.[3]

■ The trial court concluded that Licensee was operating his ATV on property of someone with whom he had an oral agreement to do so and that the fair weight of the evidence showed no violation of Section 7721(c); hence there was no need for the ATV to be registered. Because only registered vehicles need be insured, Section 1786(a) did not apply. This Court's scope of review of the trial court's decision is to determine whether the necessary findings of the court are supported by competent evidence of record and whether the court committed an error of law or manifestly abused its

1. Chapter 77 of the Vehicle Code, *as amended,* 75 Pa.C.S. §§ 7701—7753, is titled the Snowmobile and All–Terrain Vehicle Law. A chapter relating to snowmobiles, former 75 P.S. §§ 2501 through 2521, was added by the Act of August 12, 1971, P.L. 299, to the predecessor of the current Vehicle Code, and reenacted and renumbered with the adoption of the present Vehicle Code by the Act of June 17, 1976, P.L. 162. By the Act of July 11, 1985, P.L. 220, the chapter was renamed, and references to ATVs were added throughout.

2. Section 7713(a) provides: "**General rule.**—Except as otherwise provided in this chapter, it is unlawful to operate a snowmobile or an ATV unless a certificate of registration has been issued therefor and unless there is displayed thereon the permanent or temporary registration decal." Section 7712(a), *as amended,* 75 Pa. C.S. § 7712(a), provides: "**General rule.**—Upon application therefor upon a form prescribed and furnished by the department ... the department shall issue a certificate of registration of a snowmobile or an ATV and a decal showing the expi-

ration date to the owner." "Department" is defined in Section 7702 as "The Department of Environmental Resources of the Commonwealth."

3. Section 7721(c) provides:

**Crossing street or highway.**—A snowmobile or an ATV may make a direct crossing of a street or highway upon compliance with the following requirements:

(1) The crossing is made at an angle of approximately 90 degrees to the direction of the highway and is at a place where no obstruction prevents a quick and safe crossing.

(2) The snowmobile or ATV is brought to a complete stop before crossing the shoulder or main-traveled way of the highway.

(3) The driver yields the right-of-way to all oncoming traffic which constitutes an immediate hazard.

(4) In crossing a divided highway, the crossing is made only at an intersection of such highway with another public street or highway.

discretion. *Commonwealth v. Danforth,* 530 Pa. 327, 608 A.2d 1044 (1992).

## I.

Section 1786, the basis for DOT's license suspension here, provides in part:

(a) **General rule.**—Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility.

. . . .

(d) **Suspension of registration and operating privilege.**—The Department of Transportation shall suspend the registration of a vehicle if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.

■ As DOT acknowledges, to meet its burden of proof where a licensee has appealed a license suspension pursuant to Section 1786(d) DOT must establish that (1) a vehicle of the type owned or registered by the licensee is of the type required to be registered under the Vehicle Code; (2) financial responsibility was not secured for the vehicle; and (3) the licensee operated the vehicle at a time when it was not covered by financial responsibility. *See Department of Transportation, Bureau of Driver Licensing v. Lear,* 151 Pa.Commonwealth Ct. 138, 616 A.2d 185 (1992).

■ DOT first contends that the oral permission given to Licensee to operate the ATV on the neighbors' property does not meet the requirement of Section 7714(2) of a "contractual right" to operate due to lack of the consideration necessary to create a valid contract. Licensee responds that DOT did not raise any issue as to lack of consideration or present evidence on that point at the hearing and so should be prevented from raising the question on appeal. In any event, he believes that the undisputed oral permission to operate fulfills the requirement of Section 7714(2).[4]

■ In argument following the hearing before the trial court DOT contended that Licensee did not have a contractual right to be on the lands where he was operating his ATV, thus implicitly asserting that the oral permission to operate that Licensee received was not supported by consideration. This Court agrees with DOT that where DOT makes a prima facie showing that a general rule applies, the burden then shifts to a licensee to go forward to establish that he or she falls within some exception. *Department of Transportation, Bureau of Driver Licensing v. Slack,* 153 Pa.Commonwealth Ct. 4, 623 A.2d 364 (1992), *overruled on other grounds by Brogan v. Department of Transportation,* 164 Pa.Commonwealth Ct. 559, 643 A.2d 1126 (1994). Here, Licensee produced no evidence of consideration; therefore the trial court erred in concluding that an oral agreement existed. Accordingly, the ATV should have been registered with DER. The question remains, however, whether lack of registration with DER requires a suspension pursuant to Section 1786(d).

■ DOT emphasizes that an ATV falls within the definition provided in Section 102, *as amended,* 75 Pa.C.S. § 102, of "Motor vehicle": "A vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails," a point that Licensee has never disputed. DOT ignores, however, another relevant Section 102 definition, that of "Registration": "The authority for a vehicle to operate on a highway as evidenced by the issuance of an identifying card and plate or plates." Section 7702 defines an ATV as a "motorized *off-highway* vehicle" (emphasis

---

4. Licensee also asserts that DOT, as a third party, lacks standing to attack the adequacy of the consideration in the claimed contracts between Licensee and his neighbors. The Court rejects this position. The action here is not one to enforce the terms of a contract; rather, it involves an exercise of regulatory authority. Where a statute requires the existence of a contract for certain activities to be permissible, the agency charged with enforcing the statute has the authority and the duty to assure that such a contract exists.

added), and Section 7721(a) expressly prohibits operation of ATVs or snowmobiles on streets or highways in general.

■ DER lacks jurisdiction over the operation of motor vehicles on highways; hence the registration with DER provided for in Section 7712 can not and does not confer authority to operate an ATV on a highway. Therefore, there is conflict between the Section 102 definition of registration and the registration provisions of Chapter 77, which results in ambiguity in the meaning of "registered" in Section 1786(a). Contrary to DOT's assertions, the various provisions involved here are not clear and free from all doubt, and the Court must interpret the statute and ascertain the intention of the General Assembly. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a).

■ Under DOT's interpretation of Section 1786(a), an ATV or snowmobile that is registered with DER under Section 7713 but never operated on or near a public road, is nevertheless subject to the full financial responsibility provisions of the Motor Vehicle Financial Responsibility Law (MVFRL), *as amended,* 75 Pa.C.S. §§ 1701—1799.7.[5] Among the presumptions this Court must apply in construing legislation is that the legislature does not intend a result that is absurd, impossible of execution or unreasonable. 1 Pa.C.S. § 1922(1). In addition, individual provisions in a comprehensive legislative scheme should not be read abstractly, but rather with a view to their place in the entire structure. *Pistorius v. The Travelers Ins. Co.,* 348 Pa.Superior Ct. 527, 502 A.2d 670 (1985), *appeal dismissed,* 516 Pa. 457, 532 A.2d 821 (1987). The Court resolves the conflict between the definition of "registration" in Section 102 and the provisions for registration with DER in Chapter 77 by concluding that the latter is not the registration contemplated by Section 1786(a), which carries with it the requirement of coverage by financial responsibility under the MVFRL.

## II.

■ DOT next argues that, regardless of Licensee's right to operate his ATV on his neighbors' fields, once he took the ATV on to the roadway he was definitely not on lands that he owned or as to which he had a contractual right to operate but rather "elsewhere within this Commonwealth" within the meaning of Section 7714(2). DOT maintains that the trial court erred by concluding that the Section 7721(c) provisions for crossing a highway create another exception to the general requirement for registration of Section 7713(a). It states that the only proper exceptions are those listed in Section 7714 and Section 7715, *as amended,* 75 Pa.C.S. § 7715, relating to reciprocity, citing 1 Pa.C.S. § 1924: "Exceptions expressed in a statute shall be construed to exclude all others."

DOT asserts that, reading the relevant sections in pari materia, Section 7713 creates the general requirement of registration with DER before an ATV may ever be operated, and Section 7714 and 7715 establish exceptions. All of these provisions are found in Subchapter B., "Certificates of Title and Registration." DOT's conclusion is relatively simple: any ATV that ever crosses a road becomes subject to the registration requirements of Section 7713, even if it otherwise would be exempt. Licensee responds that the trial court did not create a different exemption but rather construed the express statutory provision permitting road crossings as not altering the ATV's status simply because the ATV crossed a road.

This Court agrees. Sections 7713 and 7714 provide for operation of ATVs in general. Section 7721(a) provides the general rule against operation of ATVs and snowmobiles on highways: "Except as otherwise provided in this chapter, it is unlawful *to operate* a snowmobile or an ATV on any street or highway which is not designated and posted as a snowmobile or an ATV road by the governmental agency having jurisdiction."

---

5. "Financial responsibility" is specifically defined in Section 1702, *as amended,* 75 Pa.C.S. § 1702:

The ability to respond in damages for liability on account of accidents arising out of the maintenance or use of a motor vehicle in the amount of $15,000 because of injury to one person in any one accident, in the amount of $30,000 because of injury to two or more persons in any one accident and in the amount of $5,000 because of damage to property of others in any one accident. The financial responsibility shall be in a form acceptable to the Department of Transportation.

(Emphasis added.) Section 7721(c) is headed "*Crossing* street or highway" and provides that an ATV (or snowmobile) may "make a direct *crossing* of a street or highway" upon compliance with very specific requirements, including that of crossing "at an angle of approximately 90 degrees to the direction of the highway...." (Emphasis added.) In the Court's view, the legislature's use of the phrase "[to] make a direct crossing" reveals an intent to distinguish that action from "to operate" on a street or highway.

Roads, streets and highways exist for the purpose of permitting transportation along them from one point to another. To operate a motor vehicle on a highway would appear to mean to use it for this intended purpose. Dictionary definitions of "cross" and "crossing" indicate the opposite of movement along a road:

> [cross] 7 c (1): to go from one side of to the opposing side <cross a street> <cross a minefield> (2): to pass over on (as an elevated structure) from one side to the other <cross a bridge> <cross a trestle> ....
>
> [crossing] 1: the act or action of crossing: as ... b: a traversing or going across <a channel crossing> <a crossing made without incident> <the troops effected a crossing under fire>

Webster's Third New International Dictionary 541–542 (1986).

 An ATV or snowmobile operator who crosses a road does not use the road for its intended purpose of transportation along it but rather encounters it as an obstacle to be overcome. This Court therefore concludes that when the legislature specifically provided that snowmobiles and later ATVs were permitted to make a direct crossing of a street or highway, the legislature did not intend such action to be within the meaning of operating a vehicle upon a highway. Section 7721(c) of the Vehicle Code does not create a separate exemption from the requirement of registration with DER, but it excludes the act of crossing from operating the ATV on a street or highway. When Licensee attempted to make a crossing of the road his ATV was not "operated elsewhere in this Commonwealth" under Section 7714(2).[6] The order of the Court of Common Pleas of Blair County is therefore affirmed.[7]

### ORDER

AND NOW, this 10th day of August, 1995, the order of the Court of Common Pleas of Blair County is affirmed.

PELLEGRINI, J., concurs in the result only.

---

6. The Supreme Court interpreted the phrase "operation of a motor vehicle" in the course of construing the vehicle exception to local agency immunity found in 42 Pa.C.S. § 8542(b)(1), *as amended*, in *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988). There an elderly passenger fell while alighting from a city van. Referring to the principle that exceptions to immunity must be construed narrowly and to dictionary definitions, the Supreme Court held that to operate something means to actually put it in motion. Later cases have held that the phrase applies where a passenger's injury is caused by being trapped by the door of a stopped bus, *Sonnenberg v. Erie Metropolitan Transit Authority*, 137 Pa.Commonwealth Ct. 533, 586 A.2d 1026 (1991), or where the driver of a bus stopped in traffic directs a car to proceed, which then collides with another car, *Vogel v. Langer*, 131 Pa.Commonwealth Ct. 236, 569 A.2d 1047 (1990). Interpretations of "operation of a motor vehicle" under Acts relating to immunity do not purport to apply to the interpretation of that phrase when it is used for different purposes under the Vehicle Code.

7. DOT also argues that Licensee's taking his ATV on to the roadway made it subject to the requirement of registration with DOT under Section 1301(a) of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1301(a), which provides: "(a) Driving unregistered vehicle prohibited.—No person shall drive or move and no owner shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration." This argument was not presented to the trial court, whose opinion consequently does not address it. Accordingly, it was not preserved for appellate review, and this Court will not address it. Pa. R.A.P. 302(a).

Should the argument be addressed, it would be unlikely to succeed because the meaning of "[to] make a direct crossing" under Section 7721(c) appears equally incompatible with the meaning of "[to] drive or move [a vehicle] ... upon any highway...."