**COMMONWEALTH of Pennsylvania**

**v.**

**James SWIFT and Allegheny County Department of Health**

**James Swift, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 10, 1995.

Decided Nov. 16, 1995.

James Swift, appellant, pro se.

Robert G. Borgoyn, Jr., Assistant County Solicitor, for appellee.

---

Before COLINS, President Judge, DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY, and NEWMAN, JJ.

FRIEDMAN, Judge.

James Swift appeals *pro se* from an order of the Court of Common Pleas of Allegheny County (trial court) which granted the motion of the assistant county solicitor for Allegheny County to quash Swift's appeal for failure to properly file separate appeals for two separate cases. We reverse and remand.

At issue is a single parcel of land in Allegheny County on which a building is located. On August 27, 1993 and August 30, 1993, the Allegheny County Health Department filed two separate summary criminal complaints against Swift[1] for alleged multiple violations of Article VI of the Allegheny County Health Department Rules and Regulations (Regulations) regarding this parcel of land. The August 27th complaint alleged a failure to restore electrical service in violation of section 662 of the Regulations. The August 30th complaint identified the continuing violation of section 662 of the Regulations as well as new violations relating to uncorrected absence of water, gas and hot water in violation of sections 630, 631 and 662 of the Regulations respectively. Although each complaint bore a separate docket number, the district magistrate addressed the violations set forth in both complaints at one hearing.

The district magistrate found Swift guilty of violations in both complaints, which Swift challenged by filing one appeal to the trial court. At the *de novo* hearing before the trial court, the assistant county solicitor moved to have Swift's appeal quashed because Swift erroneously filed only one appeal from the two summary criminal complaints. The trial court granted the assistant county solicitor's motion. Swift then appealed the decision to quash to the Superior Court which subsequently transferred the case to this court.

On appeal, Swift presents a myriad of arguments that relate to the merits of his case; however, our focus is on whether the trial court erred in concluding that Swift's appeal was prohibited as a matter of law and in granting the assistant county solicitor's motion to quash.

Although generally, the taking of one appeal from several judgments is not an acceptable practice and is discouraged, *General Elec. Credit Corp. v. Aetna Casualty and Surety Co.*, 437 Pa. 463, 263 A.2d 448 (1970), we believe that Pa.R.Crim.P. 82(b) dictates otherwise here. When more than one summary offense is alleged to have been committed by one person arising from the same incident, "the matter *shall* proceed as a single case." *Id.* Here, Swift was charged with two summary criminal offenses arising from one continuing episode, tried and convicted of both offenses on the same day. We believe that, under the mandates of Pa.R.Crim.P. 82(b), the two complaints should proceed as a single case and, thus, *require* only one appeal. Accordingly, we hold that the trial court erred in quashing Swift's appeal from both convictions.

In support thereof, we note that Pennsylvania courts have, on occasion, refused to quash appeals, such as the one here, in the interests of justice and judicial economy. *Cf. General Elec. Credit Corp.; Commonwealth v. Lanager,* 360 Pa.Super. 578, 521 A.2d 53 (1987). For instance, in *General Elec. Credit Corp.,* our Supreme Court declined to quash a plaintiff's appeal from two final judgments, reasoning that (1) the issues raised were identical, (2) the defendants did not object to the filing of one appeal and (3) the plaintiff would be severely prejudiced if the appeal were quashed because, due to the expiration of the statutory period allowed for filing an appeal, he would be precluded from instituting a proper appeal. *See also Philadelphia Federation of Teachers v. Board of Education,* 458 Pa. 342, 327 A.2d 47 (1974).

Unlike the situation in *General Elec. Credit Corp.,* here the assistant county solicitor did object to the filing of one appeal from two complaints at the trial court hearing.

---

1. We note that Swift alleges that he is not the owner of the parcel in question. However, the propriety of Swift as the proper defendant is not before us.

However, in this case, as in *General Elec. Credit Corp.*, the issues raised in both complaints are related. Here, we have two summary criminal complaints, the second of which was issued within a week of the first and included, at least in part, violations alleged in the first complaint. Moreover, the violations alleged in each complaint stemmed directly from the same incident, i.e., the use of the subject property in violation of the Regulations. Additionally, again like in *General Elec. Credit Corp.*, if the appeal were quashed, Swift would be precluded from filing a proper appeal because the thirty day period for perfecting an appeal with the Court of Common Pleas has expired. Thus, Swift would be severely prejudiced if his appeal were quashed.[2] Thus, the interests of justice and judicial economy will both be served by allowing Swift's appeal.

Because today we hold that, under Pa. R.Crim.P. 82(b), the matter should proceed as a single case, we reverse the trial court's order and remand the matter to the trial court for a trial *de novo*.

### ORDER

AND NOW, this 16th day of November, 1995, the order of the Court of Common Pleas of Allegheny County, dated January 25, 1994, at No. S.A. 3768 of 1993, is hereby REVERSED. This case is REMANDED to the trial court for proceedings consistent with this opinion.

Jurisdiction relinquished.

**2.** In *Brogan v. Department of Transportation, Bureau of Driver Licensing,* 164 Pa.Commonwealth Ct. 559, 643 A.2d 1126 (1994), we held that a party may not file a single statutory appeal from multiple suspension notices relating to invalid registrations on *two different vehicles.* However, *Brogan* clearly is distinguishable from the present case. In *Brogan,* we were dealing with two vehicles and violations with respect to each. Here, we are dealing with multiple complaints relating to one *continuing episode* and one *distinct parcel* of property.