**COMMONWEALTH of Pennsylvania**

v.

**Robert AUSTIN, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 6, 2004.

Decided April 14, 2004.

Patrick H. Mahady, Greesburg, for appellant.

Wayne P. McGrew, Greensburg, for appellee.

BEFORE: COLINS, President Judge, SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY President Judge COLINS.

Robert Austin (Austin) appeals his conviction by the Court of Common Pleas of Westmoreland County of the summary offense of harboring a dangerous dog as set forth in Section 502–A of the Dog Law.[1] We affirm the trial court.

---

1. Act of December 7, 1982, P.L. 784, *as amended*, added by Section 2 of the Act of May 31, 1990, P.L. 46.

3   P.S. § 459–502 A provides, in pertinent part,

(a) Summary offense of harboring a dangerous dog.—Any person who has been attacked by one or more dogs, or anyone on behalf of such person, a person whose domestic animal has been killed or injured without provocation, the State dog warden or the local police officer may file a complaint before a district justice, charging the owner or keeper of such a dog with harboring a dangerous dog.  The owner or keeper of the dog shall be guilty of the summary

Austin kept a dog at his residence in the town of Ligonier in Westmoreland County; Valerie Tantlinger (Tantlinger) runs an excavating business from the adjoining property. On September 22, 2002, Tantlinger was walking on the rear section of her property when she heard a rustling sound behind her and turned to see Austin's dog just as it lunged at her and bit her leg, knocking her to the ground and inflicting four puncture wounds. Ms. Tantlinger picked up a piece of pipe and brandished it at the dog to keep it from attacking her a second time. The cowardly canine then fled.

Ms. Tantlinger sought immediate medical treatment and reported the incident to the Lingonier Township Police Department. The Police, in turn, reported the incident to Gary L. Hoffman, an Animal Control Officer for Westmoreland County. Mr. Hoffman investigated the incident and issued a summons to Austin for each of the following offenses: failing to have a current rabies vaccination for his dog; failing to keep his dog confined; and harboring a dangerous dog. A District Justice found Austin guilty of all three offenses. Austin appealed his convictions to the Court of Common Pleas of Westmoreland County. The trial court found Austin guilty of failing to have a current rabies vaccination for his dog and of harboring a dangerous dog; he was found not guilty of failing to keep his dog confined. Austin now appeals only his conviction for harboring a dangerous dog.

■ The questions we are to consider are 1) whether the trial court erred in finding that Austin had harbored a dangerous dog; 2) whether the Commonwealth was required to prove that Tantlinger had sustained serious injuries before Austin could be found guilty of harboring a dangerous dog; and 3) whether the dangerous dog law is so unconstitutionally broad as to deprive Austin of personal property.[2]

A person is guilty of harboring a dangerous dog if the dog has committed any one of the three acts listed under subsection (a)(1) of the Law, any one of the acts listed under subsection (a)(2) of the law, and is the owner of the dog, subsection (a)(3). The evidence establishes beyond a reasonable doubt that the dog in question attacked a human being without provocation, (a)(1)(iii), thereby demonstrating a

offense of harboring a dangerous dog if the district justice finds beyond a reasonable doubt that the following elements of the offense have been proven:
(1) The dog has done one or more of the following:
(i) Inflicted severe injury on a human being without provocation on public or private property.
(ii) Killed or inflicted severe injury on a domestic animal without provocation while off the owner's property.
(iii) Attacked a human being without provocation.
(iv) Been used in the commission of a crime.
(2) The dog has either or both of the following:
(i) A history of attacking human beings and/or domestic animals without provocation.

(ii) A propensity to attack human beings and/or domestic animals without provocation. A propensity to attack may be proven by a single incident of the conduct described in paragraph (1)(i), (ii), (iii) or (iv).
(3) The defendant is the owner or keeper of the dog.

2. Our standard of review when evaluating the sufficiency of the evidence in a conviction for a summary offense is whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the [offense] charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Morgera,* 836 A.2d 1070 (Pa. Cmwlth.2003)

propensity to attack human beings without provocation, (a)(2)(ii), and that Austin is the owner of the dog (a)(3). Because Austin is the owner of a dog that committed acts satisfying the requirements of subsections (1) and (2), the trial court did not err in finding him guilty of harboring a dangerous dog.

■ Austin next argues that the Commonwealth must prove that his dog inflicted a "severe injury" on Tantlinger as provided in subsection (a)(1)(i) before he can be convicted of harboring a dangerous dog. We disagree. A plain reading of the statute demonstrates that a dog owned by a given individual must commit only one of the offenses listed under each of subsections (1) and (2); "nothing in Section 502–A of the Dog Law requires that the injury from the single incident be severe, but only that a single incident shows a propensity of the dog to attack human beings as deduced from the nature of the attack." *Commonwealth v. Baldwin,* 767 A.2d 644, 646 (Pa.Cmwlth.2001).

■ We will not consider Austin's constitutional challenge to the validity of the law because he has failed to comply with Pa. R.A.P. 521 in that he has not notified the Attorney General of Pennsylvania of the existence of the question.

Accordingly, the order of the Court of Common Pleas of Westmoreland County in this matter is affirmed.

### ORDER

AND NOW, this 14th day of April 2004, the Order of the Court of Common Pleas of Westmoreland County in this matter is Affirmed.