**COMMONWEALTH of Pennsylvania**

v.

**Stacy L. SMYERS, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 15, 2005.
Decided Oct. 19, 2005.

R. Bruce Manchester, Bellefonte, for appellant.

Lance T. Marshall, Bellefonte, for appellee.

BEFORE: SMITH–RIBNER, Judge, PELLEGRINI, Judge (P.), LEAVITT, Judge.

Opinion by Judge SMITH–RIBNER.

Stacy L. Smyers appeals from an order of the Court of Common Pleas of Centre County that found him guilty of violating Section 2307(a) of the Game and Wildlife Code (Game Code), 34 Pa.C.S. § 2307(a), relating to unlawful taking or possession of game or wildlife, and imposed a fine of $500 plus court costs. Smyers contends first that Section 2307 is not a strict liability statute and second that there was insufficient evidence upon which to find him guilty.

I

In its opinion pursuant to Pa. R.A.P. 1925(a), the trial court found that on December 29, 2002 a Pennsylvania Game Commission dispatcher received a telephone call from Smyers that requested a permit for a road killed deer, which had been picked up on Rishel Hill Road in Centre County. Wildlife Conservation Officer Christopher Krebs went to Smyers' home to examine the deer and to issue a permit, if appropriate. Smyers was not home, but Officer Krebs saw indications that a deer had been processed, including bloody footprints in the snow and blood, hair and bone fragments underneath the porch door. Just off the roadway, at the bottom of the driveway and near the stairs to the residence, Officer Krebs saw a black trash bag containing the head and hide of a deer. It was immediately apparent to Officer Krebs that the deer had suffered a gunshot wound to the head, and he observed that the legs of the deer were not broken and that there was no visible bruising on the hide.

Officer Krebs went to Rishel Hill Road where the deer had been discovered, and he located a bloody spot by the side of the road but no blood on the road and no broken pieces of a vehicle that might indicate a vehicular accident. A few feet away he found an empty .45 caliber shell casing. Officer Krebs again tried unsuccessfully to reach Smyers; he then interviewed Smyers' brother Jeffrey Smyers at his home. After several more unsuccessful attempts to reach Smyers, Officer Krebs charged him under Section 2307(a) of the Game Code. It provides:

> (a) **General rule.**—It is unlawful for any person to aid, abet, attempt or conspire to hunt for or take or possess, use, transport or conceal any game or wildlife unlawfully taken or not properly marked or any part thereof, or to hunt for, trap, take, kill, transport, conceal, possess or use any game or wildlife contrary to the provisions of this title.

Under Section 2307(e)(3), 34 Pa.C.S. § 2307(e)(3), a violation of Section 2307 relating to deer is a summary offense of the second degree.

The trial court pointed out that pursuant to 58 Pa.Code § 147.142 a Pennsylvania resident may lawfully take possession of a deer accidentally killed on a highway and transport it for safekeeping but must request a permit within twenty-four hours from a regional office or a local commission officer. That provision does not apply if the deer was not accidentally killed. Accepting the testimony of Officer Krebs, the trial court stated that the Commonwealth established beyond a reasonable doubt that the deer was unlawfully killed because of a clearly visible bullet wound and the lack of injuries such as broken legs or bruising on the remains and the lack of evidence of a vehicular accident at the scene. Therefore, possession of the deer was unlawful. The trial court noted the standard for establishing possession or constructive possession, and the court concluded that the Commonwealth made such a showing, although this point was not at issue because Smyers had admitted possession of the deer and that it was skinned at his home.[1]

The trial court also noted that Section 305 of the Crimes Code, 18 Pa.C.S. § 305, relating to limitations on scope of culpability requirements, provides in subsection (a)(1) that the general culpability requirements of Section 301 (relating to requirements of voluntary act) and Section 302 (relating to general requirements for culpability, i.e., acting intentionally, knowingly, recklessly or negligently), 18 Pa.C.S. §§ 301 and 302, do not apply to "summary offenses, unless the requirement involved is included in the definition of the offense or the court determines that its application

---

1. At the hearing, a Game Commission dispatcher testified that she received a telephone call from Smyers stating that the head and hide of a deer killed on the road was available at his house to be examined and requesting a permit for the deer for Smyers' brother. Officer Krebs testified that Smyers had received permits for road killed deer before and that he knew that he was required to make the head and hide available for inspection. Jeffrey Smyers stated that his brother called him about the deer, that he and his fiancé went to pick it up, that he did not notice a gunshot wound and that he gutted it quickly and took it to Stacy Smyers' house. Smyers testified that he found the deer early in the morning on December 29, 2002 as he was on his way to State College. The deer was dead but still warm, and Smyers called his brother to give him the chance to pick it up if he wanted the meat. Smyers returned home after about two hours, and he called his brother to come help him to skin the animal. Smyers stated that three of the deer's legs were broken and that part of the hide around the ribs and hindquarter did not need to be cut off, indicating bruising. He said that he did not look for bullet wounds and that he did not know the deer had been shot until his brother told him days later that an officer said that it was.

is consistent with effective enforcement of the law defining the offense...." 18 Pa. C.S. § 305(a)(1). The trial court cited *Commonwealth v. Ewing*, 10 Pa. D. & C.3d 206 (1979), where a hunter was found guilty even assuming that he believed he was in Maryland when he killed a deer.

At issue in *Ewing* were provisions of former Sections 316(i) and 701 of The Game Law, Act of June 3, 1937, P.L. 1225, *as amended, formerly* 34 P.S. §§ 1311.316(i) and 1311.701, repealed by Section 7 of the Act of July 8, 1986, P.L. 442, which prohibited a person denied the right to hunt or trap by action by the Game Commission or a court from doing so with or without a license and made it unlawful to kill, to attempt to kill, to take or to have in possession any game except that lawfully taken during the open season. The *Ewing* court determined that under Section 305 of the Crimes Code, former Sections 316(i) and 701 required no criminal intent or knowledge because they were silent as to a culpability requirement. The trial court here determined that the Commonwealth had no burden to meet regarding Smyers' culpability for the charge of violating Section 2307(a) of the Game Code, and it concluded that the Commonwealth had proved beyond a reasonable doubt that Smyers was in the possession of a deer that was unlawfully taken.

 The Court's review of a trial court's determination on appeal from a summary conviction is limited to determin-ing whether there has been an error of law or whether the findings of the trial court are not supported by substantial evidence. *Commonwealth v. Daugherty*, 829 A.2d 1273 (Pa.Cmwlth.2003). The Court must determine in this summary conviction case whether, after viewing all of the evidence together with all reasonable inferences therefrom in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Austin*, 846 A.2d 798 (Pa. Cmwlth.2004).

## II

Smyers first quotes Section 2307(a) of the Game Code in part, and he asserts that the Commonwealth never introduced evidence to show that he illegally killed the deer in question nor did it establish that he intentionally took a deer that he knew to be illegally taken into his possession.[2] Smyers contends that the trial court improperly relied upon Section 305(a)(1) of the Crimes Code, which states that requirements of culpability in Sections 301 and 302 do not apply to summary offenses. In Smyers' view, Section 305(a)(1) applies only to summary offenses contained in the Crimes Code, i.e., Title 18 of the Pennsylvania Consolidated Statutes, 18 Pa.C.S. §§ 101–9183. He points out that Section

---

**2.** The Commonwealth implicitly raises a question of whether Smyers' brief renders appellate review difficult or impossible by violating the requirement of Pa. R.A.P. 2119(a) that the arguments be divided into as many parts as there are questions to be argued, with distinctive headings and separate treatment of each issue, where his brief has only one argument for two stated questions. As the Commonwealth notes, however, courts have sometimes reviewed the merits despite a failure to comply with this requirement. In the present case the first portion of Smyers' argument is that Section 2307(a) of the Game Code does have a culpability requirement, and the remainder maintains that there was insufficient evidence to convict. The Court shall disregard this formal error in this case. *See* Pa. R.A.P. 105(a) (providing for liberal construction of the rules to secure the just, speedy and inexpensive determination of matters and permitting a court to disregard the requirements of most of the rules in a particular case).

305(a) also provides that the requirements of culpability prescribed by Sections 301 and 302 of Title 18 do not apply to: "(2) offenses defined by statutes other than this title, in so far as a legislative purpose to impose absolute liability for such offenses or with respect to any material element thereof plainly appears." Without case citation in support, Smyers argues that because Section 2307(a) of the Game Code is an offense defined by a statute other than the Crimes Code, Section 305(a)(2) applies rather than Section 305(a)(1), and a legislative purpose to impose absolute liability does not appear in Section 2307(a).

■ Although the Commonwealth does not specifically respond to Smyers' argument concerning Section 305(a)(1) and (2) of the Crimes Code, the Court nonetheless rejects Smyers' contention that Section 305(a)(1) applies only to summary offenses specified in the Crimes Code. First, the plain language of Section 305(a)(1) does not limit it to "summary offenses" defined only in the Crimes Code. Also Section 106 of the Crimes Code, *as amended,* 18 Pa. C.S. § 106, relating to classes of offenses, provides the definition of summary offense:

(c) **Summary offenses.**—An offense defined by this title constitutes a summary offense if:

(1) it is so designated in this title, or in a statute other than this title; or

(2) if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than 90 days.

. . . .

(e) **Section applicable to other statutes.**—An offense hereafter defined by any statute other than this title shall be classified as provided in this section.

In *Austin* a dog bit the owner's neighbor without provocation. Even though the issue of culpability requirements was not expressly addressed, the Court held that a conviction for the summary offense of harboring a dangerous dog under Section 502–A of the Dog Law, Act of December 7, 1982, P.L. 784, *as amended,* added by Section 2 of the Act of May 31, 1990, P.L. 46, 3 P.S. § 459–502–A, required proof of the elements specified in the statute: that the dog did a designated act, including attacking without provocation; that it had either a history of such conduct or a propensity, which could be proved by a single incident; and that the defendant was the owner or keeper. No further proof of culpability was required. Thus the trial court correctly concluded that Section 2307(a) of the Game Law imposes absolute liability in regard to the summary offense of possessing an illegally taken deer.

■ Next Smyers asserts that even if Section 2307(a) of the Game Law imposes strict liability, Section 2307(d)(1), 34 Pa. C.S. § 2307(d)(1), provides that the section shall not apply to "[a]uthorized individuals who euthanize critically injured game or wildlife, which shall be permitted when it is reasonable to believe that the chance of survival of the injured game or wildlife is minimal or the injured game or wildlife poses a threat to human safety." Section 2307(f), 34 Pa.C.S. § 2307(f), defines "authorized individual" to include those with Title 18 enforcement duties. Smyers notes that the deer was not illegally taken if it was properly euthanized by an authorized individual, that a .45 caliber shell casing was found near the deer and that law enforcement officers are known to carry .45 caliber sidearms. Because the Commonwealth introduced evidence that it looked as if someone shot the deer with .45 caliber gun, Smyers submits that it is incumbent upon the Commonwealth to show that an authorized individual did not eu-

thanize the deer. The Commonwealth responds that it need not disprove any possibility that Smyers may raise and that, in any event, it is reasonable to assume that an authorized individual who euthanized a deer would remain at the scene or would report the matter immediately.

As in *Austin,* the Commonwealth need prove only the elements specified in the statute. In this case, that means that a deer was unlawfully taken and that the defendant was in possession of it. The trial court concluded that the unlawful taking was established by proof in the form of credited testimony from Officer Krebs that the deer clearly suffered a bullet wound to the head, that no injuries such as broken legs or bruising were evident on the remains and that no indication of a vehicular accident was found at the scene. The Court notes that this was contrary to Smyers' testimony that he did not notice a bullet wound and that three of the deer's legs were broken.

Based on its review, the Court concludes that the trial court did not commit an error of law in its application of Section 2307 of the Game Code and that it did not make findings that were not supported by substantial evidence in the record. *Austin*; *Daugherty.* Because the trial court correctly determined that the Commonwealth met its burden of proof to establish that Smyers was in possession of a deer that had been unlawfully taken, the Court, accordingly, affirms the order of the trial court.

### ORDER

AND NOW, this 19th day of October, 2005, the order of the Court of Common Pleas of Centre County is affirmed.