**COMMONWEALTH of Pennsylvania**

v.

**RST PARTNERS (AMRIT LAL), Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 23, 2007.

Decided June 28, 2007.

Reconsideration/Reargument Denied En Banc Aug. 20, 2007.

Timothy Knauer, West Chester, for appellant.

Andrew G. Lehr, West Chester, for appellee.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

RST Partners and/or Amrit Lal (RST) appeals from an order of the Court of Common Pleas of Chester County that quashed and dismissed RST's attempted appeals from ninety-five summary convictions. It was further ordered that a hearing be held to determine whether attorney's fees should be awarded to the plaintiff as a sanction against the defendant and the amount of such an award.[1]

1. RST states questions as follows: whether the trial court abused its discretion or erred

RST owns properties in the City of Coatesville (City). On July 24, 2003, RST was convicted in the district court of multiple housing code violations. On September 8, 2003, RST filed a petition in the trial court seeking to appeal *nunc pro tunc* or to set aside the convictions and alleging that the district court did not timely notify RST of the convictions. After a hearing on September 24 Judge James P. MacElree, II, denied RST's request to dismiss the convictions but granted permission to appeal *nunc pro tunc* from 104 convictions by September 30, 2003, specifying that each docket number must be appealed individually and noting that Pa. R.Crim. P. 460, the exclusive means for appealing summary convictions, does not contain a provision for consolidation of multiple sentences on appeal. Rather than filing the appeals, RST filed on September 29, 2003 "Defendant's Motion to Amend Order of September 24, 2003 to Remove Preconditions for Filing Appeal." Reproduced Record (R.) 3. RST argued that it should be permitted to consolidate the appeals. On September 30, 2003, Judge MacElree denied that motion, and on October 1 RST filed and Judge MacElree denied a supplemental motion.[2]

On June 27, 2005, RST filed a "Motion to Waive Multiple Filing Fees in Order to Perfect Summary Appeal." Judge MacElree denied that motion. RST filed a petition for permission to appeal with this Court, which was denied by order of October 5, 2006. This Court also denied a request by the City that RST be sanctioned without prejudice to the City's right to renew such a request if RST's conduct continued to reflect a disregard of the rules governing civil and appellate procedure. Finally, on October 14, 2005, RST paid the separate fees and filed summary appeals of the 2003 convictions. The Commonwealth filed a motion to quash the summary appeals and for sanctions including attorney's fees and costs on March 17, 2006. RST filed an answer in opposition and motion for recusal. On May 3, 2006, Judge Thomas G. Gavin held a hearing on the motions. Judge Gavin declined to recuse, and he entered an order quashing and dismissing the appeals and scheduling a hearing on costs and attorney's fees.

when it quashed RST's summary appeal; whether the failure to conduct an evidentiary hearing to determine the merits of RST's September 29, 2003 motion (to amend the September 24, 2003 order to remove preconditions for filing an appeal and summary dismissal of the motion) denied RST due process of law; whether the trial court violated the coordinate jurisdiction rule; whether RST timely perfected its summary appeal by filing a "Notice of Appeal from Summary Criminal Conviction" with the Chester County Clerk of Courts Office; and whether the trial court order of October 30, 2003, stating that RST had until the close of business on November 6, 2003 to file a separate notice of appeal with separate filing fees for each docket that RST wished to appeal, imposed preconditions or qualifying criteria on RST's right to appeal.

2. On October 10, 2003, RST filed a motion for reconsideration of the orders of September 30 and October 1. Judge MacElree granted that motion in part on October 13, 2003 and directed the Commonwealth to determine which citations had been nol prossed, non prossed, dismissed or withdrawn. On October 30, 2003, Judge MacElree entered an order striking nine docket numbers listed in the September 24 order and permitting RST the right to file separate notices of appeal, with separate filing fees, no later than the close of business on November 6, 2003. The failure to do so would result in dismissal with prejudice. Rather than file the appeals, RST on November 5, 2003 appealed to the Superior Court, which quashed the appeal on the ground that it was from an interlocutory order. The Supreme Court subsequently denied a petition for allowance of appeal and an application for reconsideration.

■ In his opinion Judge Gavin stated that Pa. R.Crim. P. 460 provides the exclusive means for appealing summary convictions to common pleas court, Rule 460(E), and that a party can perfect an appeal by filing a notice of appeal within thirty days after the conviction, Rule 460(A). A court may extend this time period only if a party shows that the delay in filing its appeal was caused by extraordinary circumstances involving fraud or a wrongful or negligent act by a court official resulting in injury to the party. *Commonwealth v. Yohe*, 434 Pa.Super. 81, 641 A.2d 1210 (1994). Judge MacElree granted RST a rare extension of the mandatory period for filing an appeal, but RST shunned it by filing pleadings in several courts rather than filing appeals by November 6, 2003. *See* n2. Judge Gavin determined that the appeals were untimely, and he quashed them.[3]

RST first argues that the trial court's failure to conduct a hearing to determine the merits of RST's September 29, 2003 motion to amend the order of September 24, 2003 to remove preconditions for filing an appeal denied RST due process. (RST offers no separate argument on its first stated issue.) RST asserts that denying the motion without holding a hearing denied it the right to make a record to preserve the issue for review on appeal. RST cites *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978), stating that it held that where an appellant has paid the required amount of costs and fees to perfect his summary appeal, his right to question the validity of the fee payment as a condition of the right to trial de novo can be raised at the termination of the trial, and an adverse ruling on the fee payment would be a ruling from which an appeal would lie.

RST quotes Pa. R.Crim. P. 453(B): "When more than one summary offense is alleged to have been committed by one person arising from the same incident, the matter shall proceed as a single case and the issuing authority shall receive only one set of costs." It asserts that there may have been merit to RST's motions and that procedural due process requires that RST be given an opportunity to be heard, citing *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999).

The Commonwealth argues that Rule 453(B) refers to the issue of combining multiple summary offenses into a single case *for purposes of trial*. Rule 460(A) provides for perfecting an appeal by filing a notice of appeal within thirty days, and Rule 460(E) makes this the exclusive procedure. It notes that the appellants in *Pugar* refused to pay arbitration fees as required by local rule in order to appeal from an arbitration panel to a de novo hearing in common pleas court. The Superior Court quashed the appeal as interlocutory, and the Supreme Court affirmed, noting that the appellants could have preserved the issue by paying the fees and raising the question on appeal or even collaterally. The Court agrees that *Pugar* technically does not apply to summary convictions and that the principle that a party should pay a disputed fee and challenge it later should control here.

■ Second, RST contends that the decision by Judge Gavin dismissing the appeals as untimely effectively "overruled" the prior orders of Judge MacElree granting RST the right to appeal *nunc pro tunc* in violation of the coordinate jurisdiction

---

3. The Court's review of a decision of the trial court on appeal from a summary conviction is limited to determining whether there has been an error of law or whether the findings of the trial court are not supported by substantial evidence. *Commonwealth v. Smyers*, 885 A.2d 107 (Pa.Cmwlth.2005).

rule. It cites *Lock v. City of Philadelphia*, 895 A.2d 660 (Pa.Cmwlth.2006) (explaining that, upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee court may not alter the resolution of a legal question previously decided). RST asserts that Judge MacElree's October 30, 2003 order should be deemed the basic order from which this appeal is taken. The Commonwealth responds that there is no basis for invocation of the coordinate jurisdiction rule where RST filed a subsequent summary appeal that had no colorable validity under Rule 460, which was assigned to Judge Gavin. The Commonwealth emphasizes, and the Court agrees, that Judge Gavin did not overrule or "effectively" overrule any order of Judge MacElree. Judge Gavin's order gave effect to and enforced Judge MacElree's orders.

■ Next RST questions whether it perfected its summary appeal within the time ordered by Judge MacElree when it filed on September 30, 2003 with the Chester County Clerk of Courts a "Notice of Appeal from Summary Criminal Conviction." RST asserts that it filed this one appeal in response to the trial court's order of September 24, 2003, listing all docket numbers and paying one filing fee. In *Commonwealth v. Alaouie*, 837 A.2d 1190 (Pa.Super.2003), the Superior Court stated that the Supreme Court had pronounced that a document is filed when the prothonotary receives it, and the court further cited *Nagy v. Best Home Servs., Inc.*, 829 A.2d 1166 (Pa.Super.2003), for the rule that the prothonotary's authority to reject a document being filed is limited to notifying the proper party that the document is defective so that the defect may be corrected through amendment or addendum. Once filed, a notice of appeal is subject to being stricken for failure to cure defects on its face. RST contends that the fact that the notice of appeal did not comport with Judge MacElree's order is not fatal to timely filing and that a hearing should have been held to determine if the evidence merited consolidation.

The Commonwealth argues that RST offers no authority for the bundling of multiple convictions into a single summary appeal, and its attempt to appeal all convictions on September 30, 2003 through a single notice of appeal and payment of a single filing fee did not perfect an appeal as to any of the convictions under Rule 460. The Court agrees that RST's filing of September 30, 2003 in defiance of the trial court order did not perfect appeals as to all of the cases.

■ Last, RST questions whether the September 30 and October 30, 2003 orders of Judge MacElree imposed preconditions or qualifying criteria on RST's right to appeal its summary convictions. It asserts that *Commonwealth v. Jarema*, 404 Pa.Super. 121, 590 A.2d 310 (1991), states a proposition that there are no preconditions or qualifying criteria that must be met before the unqualified right to appeal a summary conviction attaches, and it contends that this case is controlled by *Commonwealth v. Swift*, 667 A.2d 477 (Pa. Cmwlth.1995). In *Swift* an owner was charged and convicted on two summary criminal complaints for alleged multiple violations of county health department regulations regarding a single parcel. The district court addressed charges on the two docket numbers at one hearing. The owner filed one appeal, and at the hearing de novo the trial court granted the solicitor's motion to quash because only one appeal was filed. This Court stated that generally taking one appeal from several judgments is not acceptable. It cited former Pa. R.Crim. P. 82(b), predecessor to Rule 453(B), and stated that the owner was charged in two criminal complaints

with offenses arising from one continuous episode, that the second included in part violations alleged in the first and that if the appeal were quashed the owner would be precluded from filing an appeal.

RST filed a single notice of appeal in regard to multiple summary convictions that had been heard by the district court at one hearing. The court-ordered requirement of separate appeals and separate filing fees imposed preconditions or qualifying criteria that adversely affected perfection of the appeal. The requirement is inconsistent with other rules, RST contends, including Pa. R.Crim. P. 101(B), which provides that the rules are to be construed to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay, and Pa. R.Crim. P. 505(B), which relates to joinder of offenses and defendants under summary complaint procedures and states that where one person commits multiple offenses arising from the same incident the issuing authority shall accept only one complaint and docket the matter as a single case.

The Court concludes that *Swift* does not apply in the present case. The crux of the rationale in *Swift* was that only one property was involved with related and overlapping charges. There are six properties involved here, and charges relating to different properties do not meet the test of "arising from the same incident" under Rule 453(B). Nevertheless, RST claims a right to appeal all of the convictions under one notice of appeal and by payment of one fee. RST relies in part upon Rule 505(B), but that rule provides that when more than one offense is alleged to have been committed by one person arising from the same incident "the issuing authority shall accept only one complaint, *and shall docket the matter as a single case.*" (Emphasis added.) The Court further observes that docket numbers for the original appeals as listed by Judge MacElree in Paragraph 1 of his order of September 24, 2003, R. 1 (even allowing for the nine deleted by the order of October 20, 2003, R. 11) are not sequential, ranging from No. 2569–02 to No. 756–03 with only a few small groups in numerical order. There is no indication that RST raised any objection to the separate docket numbers initially. In sum, the Court holds that the trial court did not err in quashing the appeals.

The Commonwealth also argues that an award of reasonable counsel fees is warranted because this appeal has no merit or likelihood of success and is counter to well-established rules of law, with no factual or legal issues in dispute. It cites *Borough of Kennett Square v. Lal*, 165 Pa.Cmwlth. 573, 645 A.2d 474 (1994), and Pa. R.A.P. 2744 among other authority. The trial court's order in the present matter scheduled a hearing to determine whether attorney's fees should be awarded as a sanction against RST. Because the matter of attorney's fees, if any, may be better handled in one proceeding before the trial court, the Court concludes that this issue should be returned to the trial court for disposition and that in all other respects the order of the trial court shall be affirmed by the accompanying order.

### ORDER

AND NOW, this 28th day of June, 2007, the order of the Court of Common Pleas of Chester County quashing and dismissing the appeals filed October 14, 2005 is affirmed. This matter is remanded to the trial court for such further proceedings in accordance with its order of May 3, 2006 as the trial court deems proper.

Jurisdiction is relinquished.