**[J-92-2017] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 33 MAP 2017 |
| | : | |
| Appellant | : | Appeal from the Superior Court Order |
| | : | at No. 2299 EDA 2015 dated |
| | : | September 30, 2016, Reconsideration |
| v. | : | Denied December 5, 2016, Quashing |
| | : | the Bucks County Court of Common |
| | : | Pleas Order dated June 30, 2015, at |
| TERRELL LARON WALKER, DAMAIRE | : | Nos. CP-09-CR-0000100-2015, CP- |
| WALLACE, QUASHAAD RODNEY | : | 09-CR-0000101-2015, CP-09-CR- |
| JAMES AND MAURICE TOWNER JR., | : | 0000102-2015, CP-09-CR-0000103- |
| | : | 2015 |
| Appellees | : | |
| | : | ARGUED:  November 29, 2017 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE MUNDY**                                                   **DECIDED: June 1, 2018**

In this case, the trial court issued a single suppression order granting the motions to suppress of four codefendants arising from one traffic stop.  The findings of fact and conclusions of law equally applied to each codefendant.  *See* MO at 5.  I agree with the Majority Opinion that under the circumstances, the Commonwealth's appeal should not be quashed.  I further agree that a party who seeks to appeal a single order resolving more than one docket number should file separate notices of appeal.  However, I would eschew adopting a bright-line rule that in the event of a procedural misstep such as the one that occurred here, quashal is necessarily required.

I recognize that the comment to Rule of Appellate Procedure 341 instructs that separate notices of appeal must be filed from one or more orders resolving issues respecting multiple docket numbers.  *See* Pa.R.A.P. 341, Official Note.  Its dictate in this

regard is supported by a citation to *Commonwealth v. C.M.K.*, 932 A.2d 111 (Pa. Super. 2007). However, the parties in *C.M.K.* sought to file a single notice of appeal from two separate judgments of sentence, stemming from convictions for separate charges, and docketed individually. Plainly, those circumstances compel the parties to file separate notices of appeal. *See C.M.K.*, 932 A.2d at 113 (recognizing, "readily apparent" problems when criminal codefendants file a joint notice of appeal, considering that, in most cases, the convictions would not be for identical actions). Here, in contrast, the trial court issued one order disposing of the sole issue of the appropriateness of the traffic stop and its reasoning was identical with respect to each codefendant. Although the Commonwealth should have filed separate notices of appeal, its decision to file one notice of appeal mirrored the handling of the case by the trial court.

I appreciate that the filing of a single notice of appeal from an order or orders resolving more than one case may justify quashal in certain circumstances including where the issues raised are not identical or substantially similar. *Accord Gen. Elec. Credit Corp. v. Aetna Cas. & Sur. Co.*, 263 A.2d 448, 452 (Pa. 1970). Moreover, I share the general disapproval of the practice espoused in our case law. *See, e.g.*, *id.* at 453. However, we have resorted to quashing appeals based on procedural errors "where no meaningful choice could be made" to allow the appeal to proceed on the merits. *Id.* (footnote omitted).

In the interests of justice and judicial economy, I favor continuing the practice of addressing the merits of an appeal, despite a procedural error, where the circumstances permit. Specifically, when the issues are substantially identical, where there is no objection or no prejudice would ensue, and where quashing the appeal would result in a total preclusion of the issue being addressed. *See id.*; *Commonwealth v. Swift*, 667 A.2d 477, 478-79 (Pa. Cmwlth. 1995); *see also In the Interest of P.S.*, 158 A.3d 643, 648 (Pa.

Super. 2017) (declining to quash where juvenile filed a single notice of appeal from multiple adjudications, including each docket number on his single notice, because juvenile presented intertwined issues relating to the adjudications, the Commonwealth did not object to the case proceeding, and the appeal period had expired). Accordingly, I respectfully concur with the disposition of the instant case but dissent as to the Majority's prospective holding.