IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
    v.     :     No. 413 C.D. 2021
    :     Argued: September 11, 2023
Gary L. Couteret,     :
    Appellant     :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT            FILED: May 3, 2024

       Gary L. Couteret appeals two orders of the Court of Common Pleas of Clearfield County (trial court), convicting him of summary offenses under the Game and Wildlife Code (Game Code).[1] The first order convicted Couteret of "unlawful taking or possession of game or wildlife" in violation of Section 2307(a) of the Game Code, 34 Pa. C.S. §2307(a), and sentenced him to pay a fine of $1,500 "for the benefit of Clearfield County" plus costs of prosecution and "replacement costs" of $1,666.66 to the Commonwealth. Trial Court Order, 12/7/2020. The second order convicted Couteret for use of "unlawful devices and methods" in violation of Section 2308(a)(7) of the Game Code, 34 Pa. C.S. §2308(a)(7), and sentenced him to pay a fine of $250 "for the benefit of Clearfield County" plus costs of prosecution. Trial Court Order, 12/7/2020. We reverse both orders.

       The Keystone Elk County Alliance is a non-profit organization that preserves elk in Clearfield and Elk Counties. To raise funds, the Alliance conducts

_____

[1] *See* 34 Pa. C.S. §§101-2965.

an annual raffle, with the approval of the Pennsylvania Game Commission, for the issuance of an early hunting license authorizing the kill of a single elk. In 2019, Richard Prentiss won the raffle, which also entitled him to professional guide services. Couteret and Kim Rensel, who are affiliated with Elk County Outfitters, volunteered to provide these services to Prentiss for a period of seven days, beginning on September 11, 2019.

On the third day of hunting, September 13, 2019, Rensel "was guiding Prentiss at different hunting locations." Trial Court Op. at 1. Ben Gnan accompanied them to film the hunt for potential use in a documentary. After leaving their first planned location for hunting, Rensel drove Prentiss and Gnan to the second planned location. As they were driving, "Rensel and Prentiss crossed paths with Couteret," who was traveling in a separate vehicle. *Id.* Couteret stopped his vehicle on the road and told Rensel and Prentiss (who were still in the vehicle) that "there were elk in the field around the corner." *Id.* Couteret drove away, and Rensel parked his vehicle. He and Prentiss walked across the road onto a field. As they did, a herd of elk moved into that field from the woods, followed by a large bull elk. At a point approximately 10 feet from the edge of the road, Prentiss took several shots at the bull elk in the distance. The party later determined that the shots had succeeded in killing the elk.

On March 10, 2020, Prentiss, Rensel, and Couteret were each separately cited for their actions on September 13, 2019. Couteret was charged with unlawful aiding, abetting, taking, concealing, or possessing wild game, 34 Pa. C.S. §2307(a); and use of a vehicle as an unlawful hunting device, 34 Pa. C.S. §2308(a)(7). After a hearing before the magisterial district judge, Couteret was found guilty of both offenses.

2

Couteret appealed, and the trial court held a *de novo* trial on September 28, 2020. By order of December 7, 2020, the trial court found Couteret guilty of two summary offenses, *i.e.*, 34 Pa. C.S. §§2307(a), 2308(a)(7). The trial court sentenced him to pay total fines in the amount of $1,750, plus costs of prosecution, and $1,666.66 in replacement costs.

Couteret appealed to this Court. On appeal,[2] he raises three issues for our consideration, which we combine into two for clarity. First, Couteret argues that the trial court erred by not dismissing the 34 Pa. C.S. §2307(a) charge because the citation did not set forth the basic elements of the offense as required by the Pennsylvania Rules of Criminal Procedure. Second, Couteret argues that the trial court erred in holding the Commonwealth's evidence established a violation of 34 Pa. C.S. §2308(a)(7). Alternatively, Couteret contends the trial court was required, and failed, to apply the rule of lenity against the Commonwealth because the "road hunting" provisions of the Game Code are ambiguous.

Couteret's challenges to the trial court's construction of Section 2307(a) and 2308(a)(7) have been addressed and decided in *Commonwealth v. Prentiss*, ___ A.3d ___ (Pa. Cmwlth., No. 415 C.D. 2021, filed May 3, 2024), and in *Commonwealth v. Rensel*, ___ A.3d ___ (Pa. Cmwlth., No. 414 C.D. 2021, filed May 3, 2024). Separately, we consider Couteret's challenge to his conviction under Section 2308(a)(7) based on sufficiency of the evidence.

---

[2] "Our standard of review when evaluating the sufficiency of the evidence in a conviction for a summary offense is whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the [offense] charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Austin*, 846 A.2d 798, 800 n.2 (Pa. Cmwlth. 2004). In reviewing a question of statutory construction, our scope of review is plenary, and our standard of review is *de novo*. *Spahn v. Zoning Board of Adjustment*, 977 A.2d 1132, 1142 (Pa. 2009).

Couteret argues that the trial court erred in convicting him under Section 2308(a)(7) of the Game Code,[3] arguing that "[t]ravelling to a predetermined location to look for game" does not constitute unlawful road hunting. Couteret Brief at 20. The Commonwealth responds that the hunt "was greatly influenced by the use of vehicles in pursuit of game animals" and that Couteret was "scouting" and "stop[ped] to discuss the hunt in the middle of the roadway." Commonwealth Brief at 14.

The trial court did not make specific, or numbered, findings of fact. Rather, it set forth its findings in narrative form in the initial part of the opinion. Therein, the trial court found that "Rensel and Prentiss crossed paths with Couteret as they were driving. Couteret, who was in a separate vehicle, stopped in the roadway to advise Rensel and Prentiss there were elk around the corner." Trial Court Op. at 1. Notably, Couteret did not testify, and no witness offered any testimony or evidence about Couteret's purpose in driving his vehicle on September 13, 2019.

---

[3] Section 2308(a)(7) of the Game Code states as follows:

**(a) General rule.--**Except as otherwise provided in this title, *it is unlawful for any person to hunt or aid, abet, assist or conspire to hunt any game or wildlife through the use of*:

. . . .

(7) *A vehicle* or conveyance of any kind or its attachment propelled by other than manpower. Nothing in this subsection shall pertain to any of the following:

(i) A motorboat or sailboat if the motor has been completely shut off or sail furled, and the progress thereof has ceased.

(ii) A motorized wheelchair if the person has been issued a permit to hunt under section 2923(a.1) (relating to disabled person permits).

34 Pa. C.S. §2308(a)(7) (emphasis added).

4

In the analysis section of its opinion, the trial court states that "Couteret was using his vehicle to search for elk." *Id*. at 6. However, the trial court found only that Couteret crossed paths with Rensel and Prentiss and was in a separate vehicle. Couteret's purpose cannot be inferred from that simple factual finding summarizing, correctly, what the video showed. The trial court cited no evidence to support its statement that Couteret was searching for elk. Because no such evidence was presented, it cannot be known whether Couteret was searching for elk, deer, or buttercups.

At the hearing, Gnan testified that "the party plan[ned] on finding elk that day" by "returning to a place they hunted the previous two days." Notes of Testimony, 9/28/2020, at 9 (H.T. __); Reproduced Record at 10 (R.R. __). Mark Gritzer, a state game warden, testified only about the video. Rensel testified that just before he reached the second planned hunting location, Couteret came up and told him that "he had heard elk." N.T. 49; R.R. 20. Prentiss testified that as Rensel was driving him to a planned hunting location, Couteret came up to their vehicle.

In sum, Couteret was driving when he heard bugling from elk in the area and then crossed paths with Rensel and Prentiss. The evidence shows, at most, that Couteret was lawfully driving on a roadway. As we explained in *Rensel*, ___ A.3d ___ (Pa. Cmwlth., No. 414 C.D. 2021, filed May 3, 2024), driving down the highway and coming upon game does not violate Section 2308(a)(7) of the Game Code. The momentary encounter was not evidence beyond a reasonable doubt that Couteret used his vehicle as a device to hunt game or wildlife.

For the reasons stated in *Prentiss*, ___ A.3d ___ (Pa. Cmwlth., No. 415 C.D. 2021, filed May 3, 2024), we hold that the trial court erred in not dismissing Couteret's charge under Section 2307(a) of the Game Code. We also hold, for the

5

reasons stated in *Rensel*, ___ A.3d ___ (Pa. Cmwlth., No. 414 C.D. 2021, filed May 3, 2024), that the trial court erred in convicting Couteret under Section 2308(a)(7), which prohibits the use of a vehicle as a device to pursue or wound game, not as a means of conveyance.

Accordingly, we reverse the trial court's orders of December 7, 2020, that convicted Couteret of violating Sections 2307(a) and 2308(a)(7) of the Game Code.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
                                      :
           v.                       :       No. 413 C.D. 2021
                                        :
Gary L. Couteret,                 :
                 Appellant    :

# **O R D E R**

AND NOW, this 3rd day of May, 2024, the two orders of the Court of Common Pleas of Clearfield County in the above-captioned matter, dated December 7, 2020, are REVERSED.

_____

MARY HANNAH LEAVITT, President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
                              :
              v.              :    No. 413 C.D. 2021
                              :    Argued: September 11, 2023
Gary L. Couteret,            :
                Appellant    :

**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                    **HONORABLE MICHAEL H. WOJCIK,** Judge
                    **HONORABLE MARY HANNAH LEAVITT,** Senior Judge

<u>**OPINION NOT REPORTED**</u>

**CONCURRING AND DISSENTING OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**         **FILED: May 3, 2024**

I concur with respect to the Majority's reversal of the Clearfield County Court of Common Pleas' conviction under Section 2307(a) of the Game and Wildlife Code (Game Code), 34 Pa.C.S. § 2307(a), as the citation was defective. However, for the reasons more fully set forth in my concurrence and dissent in *Commonwealth v. Rensel*, ___ A.3d ___, ___ (Pa. Cmwlth. 2024, No. 414 C.D. 2021, filed May 3, 2024) (Cohn Jubelirer, P.J., concurring and dissenting), I would uphold Gary L. Couteret's conviction under Section 2308(a)(7) of the Game Code, 34 Pa.C.S. § 2308(a)(7), and must, therefore, respectfully dissent with respect to that holding.

 

                                   _____
                                   **RENÉE COHN JUBELIRER,** President Judge